THE BOARD OF SUPERVISORS OF THE COUNTY OF SCHENECTADY, RESPONDENT, *v.* DANIEL P. McQUEEN, APPELLANT.

*Action on bond — counter-claim — when plaintiff cannot set up want of power to contract — performance of condition.*

On May 17, 1873, plaintiff orally agreed with defendant to convey to him, July 1, 1873, sixteen lots, part of the Poor-house farm, and to remove the poor-house within three years from the date of the contract, defendant agreeing to pay therefor $5,145; ten per cent on July 1, and the balance in five years, to be secured by a bond and mortgage. The defendant paid the ten per cent. July first, received a conveyance and gave back a bond and mortgage to secure the remaining payments. The mortgage was foreclosed, but there was not sufficient realized on the sale to pay the amount secured thereby. In an action brought upon the bond defendant set up, as a counter-claim, the failure of plaintiff to remove the poor-house within the three years, and claimed damages therefor.

*Held,* That the plaintiff, having accepted performance of the contract by defendant, could not set up its want of power to agree to remove the poor-house, in answer to plaintiff's claim for damages for its failure to do so.

That, as the poor-house was to be removed before the bond became due, it was not necessary to first pay the bond in order to enable defendant to set up plaintiff's failure to remove the poor-house.

That plaintiff having brought an action upon the bond given pursuant to the oral agreement, would not be permitted to deny its validity under the statute of frauds.

That such oral agreement was made valid as a contract for the sale of land by the payment of the ten per cent and the giving of the bond and mortgage.

That the contract of sale was not embraced in the deed and bond and mortgage,

which were only given in pursuance of some of the many provisions of the parol contract, and therefore the provision as to the removal of the poor-house insisted upon by the defendant was not objectionable, as modifying or varying a written agreement.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed at the Schenectady Circuit. The plaintiff, in his complaint, alleged that, on July 1, 1873, the defendant covenanted with the plaintiff to pay it the sum of $3,858.75; that he had failed to do so; that a mortgage, given as collateral security for the performance of such obligation, had been foreclosed, and only $1,360 realised on the sale of the mortgaged premises, and asked judgment for the residue. The defendant answered, setting up a prior oral agreement, in pursuance of which the bond and mortgage were given, which agreement is fully set up in the opinion.

*E. W. Paige,* for the appellant. The answer sets forth a good counter-claim. The plaintiff had abundant power to make the agreement. (1 R. S., 364, part 1, chap. 12, tit. 1, art. 1, chap. 194, Laws of 1849.) It was valid under the statute, although by parol; for it did not convey any interest in lands. It was not an agreement which, by its terms, could not have been performed within a year. (*Plimpton* v. *Curtiss,* 15 W. R., 336; *Artcher* v. *Zeh,* 5 Hill, 200.) If it were void when made, the full performance by the defendant has taken it out of the statute. (*Hess* v. *Fox,* 10 W. R., 436; *Hobbes* v. *Wetherwax,* 38 How. Pr., 385; *Dodge* v. *Crandall,* 30 N. Y., 294; *Johnson* v. *Hathorn,* 3 Keyes, 126.) Proof of it is not obnoxious to the rule that parol evidence cannot be admitted to vary a written contract. (*Barnes* v. *Perine,* 15 Barb., 250; *Frink* v. *Green,* 5 id., 450; *Barker* v. *Bradley,* 42 N. Y., 316; *Brewster* v. *Silence,* 8 id., 213; *Potter* v. *Hopkins,* 25 W. R., 419; 1 Greenl. Ev., § 284, *a.*)

*Austin A. Yates,* for the respondent.

BOCKES, J.:

The action was brought to recover for the breach of a bond for the payment of money. The amount unpaid and due, according

to the condition of the bond, was not disputed. The question on the appeal arises on the offer of the defendant to establish his claim, as made in his answer by way of recoupment.

On the trial, the defendant offered to prove all the facts set out in his answer, and asked to have the case submitted to the jury on those facts. The ruling of the court was against the offer, to which ruling there was an exception; a verdict was thereupon directed for the amount due according to the condition of the bond.

It is stated in the defendant's answer, which under the ruling must be accepted as true, that the bond in suit, with the mortgage accompanying it, was given by the defendant on the purchase by him of sixteen lots of land, part of a farm owned by the plaintiff, known as the Poor-house farm, and on which the poor-house of Schenectady county was situated. It is further averred in the answer, that the agreement to purchase was made between the parties on or about the 17th of May, 1873, and was as follows: (1) that the plaintiff should, on the first of July then next following, convey to the defendant the sixteen lots of land; and (2) should, within three years from the making of the contract, remove the poor-house from the Poor-house farm; (3) that the defendant, in consideration thereof, should pay $5,145 for the lots, ten per cent thereof down; fifteen per cent on the first of July, and should secure the balance by his bond and mortgage, conditional for the payment of such balance in five years from the last-mentioned date. It is further averred, that the defendant made payment of the money agreed by him to be paid on and prior to July first; and also then gave the bond and mortgage as he had agreed. As a breach of this agreement, it is averred that the plaintiff omitted to remove the poor-house within three years from the making of the contract to his great damage, and he claimed to have such damages allowed him by way of deduction from the amount due according to the condition of the bond.

Admitting the agreement set up in the answer to be valid and binding on the plaintiff, the defendant states good ground for an allowance, by way of recoupment or counter-claim, for such damages as he may be able to establish by legal evidence, growing out of its breach by reason of the omission on the part of the plaintiff

to remove the poor-house within the specified time. It is urged by the respondent's counsel that the agreement is void, because of the want of power in the plaintiff to enter into it, in so far as it relates to the provision sought to be enforced by the defendant, on which the alleged breach is based. This objection is answered by the decision in *De Groff* v. *The American Linen Thread Co.* (24 Barb., 376; same case on appeal, 21 N. Y., 124). It was there held, that even if a corporation has no power to enter into the contract, viewed as a mere corporate power, yet having undertaken to do so, and having accepted performance by the other party, it cannot be permitted to set up an excess of authority, in excuse of its own non-performance. It was valid, too, as a contract for the sale of lands, although by parol, as it had been performed by the defendant, by the payment of the money agreed to be paid on and prior to July 1st, and on that day giving the bond and mortgage as he had agreed. Besides, the action is brought in enforcement of the bond given pursuant to the contract of sale; hence the plaintff cannot be permitted to dispute its validity, basing an objection either on its own want of power to enter into it, or on the statute of frauds. The agreement on the facts stated in the answer was binding on the plaintiff.

It is also urged, in support of the ruling at the Circuit, that payment of the money secured by the bond and mortgage was a condition precedent to performance of the provision for the removal of the poor-house; hence that the latter could not be enforced without showing payment of the bond. This is manifestly a mistaken view of the provision, as five years' credit was given for the payment of the money; yet it was agreed, on the part of the plaintiff, that the poor-house should be removed within three years from the making of the contract. The obligation to remove the poor-house was not dependent on the payment of the money secured by the bond and mortgage; but it was an entirely independent obligation. The claim for damages growing out of its breach was not, therefore, barred by reason of the non-payment of the bond according to its condition.

It is further insisted, in vindication of the ruling on the trial, that the defendant seeks to interpose a parol agreement to modify and vary a written one under seal; not so, however. The con-

tract of sale, which contained, as is averred in the answer, the provision set up by the defendant, rested wholly in parol. This we are to assume from the course pursued at the trial and the arguments submitted on the appeal. The contract of sale was not, nor was any part of it, reduced to writing. The deed of conveyance and the bond and mortgage were given in performance of two of the provisions of the parol contract; but they constituted no part of the contract itself. The provision insisted on by the defendant was, therefore, but one of several that were agreed upon by the parties, all resting in parol; hence the objection that it adds to, modifies, or varies a written agreement is not well based in fact. It may be here added, that such provision neither modifies nor varies the provisions of the bond and mortgage or deed of conveyance, which are the only papers that were ever executed having any relation to the alleged contract of sale. On careful examination of the case, we are of the opinion that the proof offered on the trial by the defendant and rejected, would have established a counter-claim in his favor for such damages as he has sustained by reason of the non-removal of the poor-house within the time agreed upon by the parties for its removal.

It is somewhat difficult to perceive, however, how he can have sustained any considerable amount of damage for the cause assigned. The plaintiffs had, until May 17, 1876, to make the removal. The defendant could have no claim for damages for the non-removal, save such as were occasioned to him for that cause subsequent to that time. It appears that the mortgage given by him covering the sixteen lots was foreclosed, and that the sale thereunder took place August 11, 1876, when the premises were bought in by the plaintiff, and that ever since then they have been owned by the county. Thus there was a period intervening between May 17th and August 11, 1876, two months and twenty-five days, being the time after the plaintiff was in default for the non-removal and before the premises came back to the county under the foreclosure. How the defendant can have been seriously damaged by the non-removal after May seventeenth is not apparent. But what proof of damage he may submit is not for us here to anticipate or conjecture. It is enough to control the decision on this appeal, that he may have damages allowed him on

legal proof in that regard, and we are not at liberty, as we think, to decline, as matter of law, that he cannot establish any damages growing out of the non-removal of the poor-house as had been agreed.

Judgment should be reversed; new trial ordered; costs to abide the event.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment reversed and new trial ordered; costs to abide the event.